UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| JOHN GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| YANFENG US AUTOMOTIVE | ) |
| INTERIOR SYSTEMS I LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Defendant is a Delaware limited liability company that does business in Chattanooga, Tennessee. Its registered agent for service of process in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee, 37919.

3. Defendant is a producer and supplier of automotive interior parts, and it has a production facility located in Chattanooga, Tennessee. Defendant ships its products across state lines.

4. Plaintiff was employed by Defendant at its Chattanooga facility from April of 2016 through October of 2018.

5. Plaintiff was employed by Defendant as a dock lead.

6. During the entire time that he was employed by Defendant, Plaintiff was paid an

agreed-upon hourly rate for his work. He clocked in and out on a time recording device.

7. In addition to the work hours for which he was compensated, however, Plaintiff routinely performed uncompensated work for which he received no compensation.

8. More specifically, although Plaintiff routinely worked through his lunch breaks, Defendant automatically deducted a 30-minute lunch break from his time records each day and did not compensate Plaintiff for this work time. Plaintiff's supervisor was aware that Plaintiff was working through his lunch breaks without receiving compensation.

9. In addition, Defendant engaged in a practice of "rounding" Plaintiff's clock times in a manner which always favored Defendant by deleting portions of Plaintiff's work time.

10. As a result, Plaintiff routinely worked uncompensated regular and overtime hours.

## Count 1—Violations of Fair Labor Standards Act

11. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-9 above.

12. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

13. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

14. At all times material, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

15. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceeded $500,000.00.

16. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

17. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

18. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

19. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

20. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

21. Plaintiff is entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 216(b), as a result of Defendant's overtime violations.

### Count 2—Breach of Contract Under Tennessee State Law

22. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-20 above.

23. Defendant's agreement to pay Plaintiff a regular hourly rate for his work is an enforceable contract under Tennessee law.

24. By failing to compensate Plaintiff for all hours worked at his agreed-upon hourly rate, Defendant breached its contract with Plaintiff.

25. As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation he failed to receive for his work at his agreed-upon hourly rate for regular, non-overtime hours up to 40 per workweek.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) unpaid regular wages as damages resulting from Defendant's breach of contract;

(d) interest;

(e) reasonable attorney's fees and costs; and

(f) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com